O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENELDINA DALILA TOMA-SAMBRANO DE SANDOVAL,<br><br>      Petitioner,<br>   v.<br><br>FERETI SEMAIA et al.,<br><br><br><br>      Respondents. | Case No.: 5:26-cv-01644-MEMF-AS<br><br>**ORDER DENYING PETITIONER'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION [DKT. NO. 3]** |

Before the Court is the Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction filed by Petitioner Eneldina Dalila Toma-Sambrano De Sandoval. Dkt. No. 3 ("Motion"). For the reasons stated herein, the Motion is DENIED.

/ / /

/ / /

/ / /

1

## I.    Background

### A.    Factual Background[1]

Petitioner Eneldina Dalila Toma-Sambrano De Sandoval is a native and citizen of Guatemala, who has lived in the United States for several years. Petition ¶ 56. She is married to a lawful permanent resident, and she is an active caregiver to her daughter and grandchildren. *Id.* ¶ 57. Petitioner entered the United States in March 2019 and was placed into removal proceedings. *Id.* ¶ 60. She had an individual hearing in front of an Immigration Judge scheduled for March 9, 2020. *Id.* ¶ 61. Petitioner did not appear for the March 9, 2020, hearing due to inaccurate information provided by her attorney, so the Immigration Judge ordered her removed in absentia. *Id.* ¶ 62.

Petitioner filed a motion to reopen the proceedings based on exceptional circumstances and lack of proper notice. *Id.* ¶ 65. The Immigration Judge denied her motion to reopen and denied her subsequent motion to reconsider. *Id.* ¶ 66. Then, on May 14, 2020, Petitioner filed an appeal to the Board of Immigration Appeals ("BIA") to challenge the denial of her motion to reopen, and she also filed a Supplement and Motion to Remand with the BIA on November 21, 2022. *Id.* ¶ 67. The BIA has yet to issue a decision resolving these filings. *Id.* ¶ 68.

While her appeal was pending, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 69. She was initially transferred to a detention facility in Texas, where she sought emergency relief. *Id.* ¶ 70. She was then later transferred back to detention in California, and the Southern District of Texas dismissed her petition without prejudice for lack of jurisdiction. *Id.* Petitioner is currently detained at the Adelanto ICE detention facility and faces imminent removal to Guatemala. *Id.* ¶¶ 70-71. Petitioner has filed an emergency request to stay removal with the BIA, while the BIA considers her pending appeal. *Id.* ¶ 73.

### B.    Procedural History

On April 3, 2026, Petitioner Eneldina Dalila Toma-Sambrano De Sandoval filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petition. On that same day, Petitioner filed an Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction. *See* Motion.

---

[1] Unless otherwise indicated, the following factual background is derived from the Petitioner's Petition. Dkt. No. 1 ("Petition"). This Court is not, at this time, making a final determination as to the veracity of the facts stated therein.

This Court issued an order maintaining its jurisdiction by preventing Petitioner's transfer outside of this District, Dkt. No. 9, and set a briefing schedule, Dkt. No. 8. Respondents filed an Opposition on April 8, 2026. Dkt. No. 10 ("Opposition"). Petitioner did not file a Reply to the Opposition, so the Motion is fully briefed. The Court determined this matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    Applicable Law

### A.  Preliminary Injunctions

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(b). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To qualify for injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20. This Court cannot grant the preliminary injunction "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) ("[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.").

### B.  Habeas Petitions in the Immigration Detention Context

3

District Courts are "generally prohibit[ed]" from "entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" certain provisions of the INA, found in 8 U.S.C. §§ 1221–1232. *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). But "lower courts retain the authority to 'enjoin or restrain the operation of' the relevant statutory provisions 'with respect to the application of such provisions to an individual [noncitizen] against whom proceedings under such part have been initiated.'" *Id.* (quoting 8 U.S.C. § 1252(f)(1)).[2] This Court, therefore, may grant relief in "individual cases." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481–82 (1999).

A specific statutory framework applies once an immigrant has been "released under an order of supervision." 8 C.F.R. § 241.13(i)(1). To "revoke an [noncitizen]'s release under this section and return the [noncitizen] to custody," the Service must "determine[] that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). "Upon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release," and is entitled to an initial interview after the immigrant's return to custody to allow the immigrant to respond, submit evidence, or otherwise demonstrate that "there is no significant likelihood he or she be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(3).

### III.  **Discussion**

Petitioner seeks three forms of relief on an emergency basis: (1) an order barring her removal from the United States unless and until the BIA adjudicates her pending appeal and motion to remand; (2) an order requiring her immediate release from detention; and (3) an order barring her transfer from outside the District. *See* Motion; Petition. The Court addresses each in turn.

> **A. The Court does not have jurisdiction to grant Petitioner's request to delay removal.**

---

[2] Where it does not change the meaning, this Court endeavors to use the term "noncitizen" in place of alien, consistent with the practice of the Supreme Court. *See Avilez v. Garland*, 69 F.4th 525, 527 (9th Cir. 2023) ("[U]se of the term noncitizen has become a common practice of the Supreme Court . . . . [In addition,] [t]he word alien can suggest 'strange,' 'different,' 'repugnant,' 'hostile,' and 'opposed,' Alien, Webster's Third New International Dictionary 53 (2002), while the word noncitizen, which is synonymous, *see* Alien and Noncitizen, American Heritage Dictionary of English Language 44, 1198 (5th ed. 2011), avoids such connotations. Thus, noncitizen seems the better choice.").

Respondents argue that pursuant to 8 U.S.C. § 1252(g), this Court does not have jurisdiction to prevent enforcement of Petitioner's removal pending a motion to reopen before the BIA. *See* Opposition at 2-5. Respondents specifically contend that under the Ninth Circuit's holding in *Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022), this Court does not have jurisdiction to issue a TRO to allow time for the BIA to adjudicate Petitioner's motion to reopen, and the government "cannot be prevented from deciding *when* to execute a removal order, nor [be] delayed in that execution." *See id.* at 2-3. For the reasons discussed below, this Court does not have jurisdiction over Petitioner's request to delay removal.

Section 1252(g) states that no court may hear a nonimmigrant's case "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]." 8 U.S.C. § 1252(g). In *Jennings*, the petitioner sought to "enjoin the government from removing him until the BIA ruled on his motion to reopen," and he "argued that deportation prior to a ruling on his motion to reopen would violate his due process rights," but the Ninth Circuit held that under Section 1252(g), the petitioner's "challenge [was] to the Attorney General's exercise of his discretion to execute [the petitioner's] removal order, which [it had] no jurisdiction to review." *Jennings*, 55 F.4th at 773, 776-78. "The execution of his removal order [was] precisely what [the petitioner] challenge[d]," where the petitioner sought "to enjoin the government from removing him—or in other words, enjoin 'action by the Attorney General to . . . execute removal orders against [the petitioner].'" *Id.* at 777.

Here, like the petitioner in *Jennings,* Toma-Sambrano De Sandoval is seeking to challenge the execution of her removal order. She has a pending appeal of her motion to reopen in front of the BIA, *see* Motion at 6, and asks this Court to "[e]njoin Respondents from removing [her] from the United States unless and until the Board of Immigration Appeals adjudicates [her] pending appeal and motion to remand," Motion at 16. And she argues that "removal before adjudication of a pending motion to reopen [would] deprive . . . [her] of the meaningful opportunity to pursue reopening that due process requires," *see id.* at 10-11, which is precisely what the Ninth Circuit held this Court does not have jurisdiction to review, *see Jennings*, 55 F.4th at 777-78. In her Motion,

Petitioner only cited pre-*Jennings* cases for her due process claim and does not contest jurisdiction. *See* Motion at 9-11. Accordingly, there is no jurisdiction to review Petitioner's claims.

Moreover, in *Jennings*, the Ninth Circuit rejected the petitioner's argument that this application of Section 1252(g) would deprived him of "'his statutory right to file a motion to reopen,'" because his motion to reopen was currently pending before the BIA, and "[o]nce the BIA decides that motion, [the petitioner] will be able to file a petition for our court to review *that* final agency action." *Id.* at 777; *see also* Motion at 9 (making the same argument regarding a statutory right). Thus, the petitioner "will continue to have access to the process guaranteed to him under the statute even if he is removed." *Id.* And it held that Section 1252(g)'s jurisdictional bar "does not include any temporal caveats." *Id.* (quoting *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297 (3d Cir. 2020)). Accordingly, "'the discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it. Both are covered by the statute.'" *Id.* (quoting *Tazu*, 975 F.3d at 297).

Because Petitioner did not file a reply, the Court understands that she concedes this.

In sum, because Section 1252(g) applies to Petitioner's claims, this Court does not have jurisdiction to grant Petitioner's request to delay removal.

**B. Petitioner has failed to demonstrate that she is entitled to the other forms of relief requested.**

Petitioner is seeking two other forms of relief: (1) an order requiring her immediate release from detention, and (2) an order barring her transfer from outside the District. The Court understands that Petitioner contends that her detention is unlawful (and transfer outside the District would be unlawful) because removal while the BIA process is pending is unlawful. Given the Court's determination that she has not established that the Court has jurisdiction to delay her removal, she has not established that her detention—and any transfer outside of the District to effect removal—is unlawful. Although she explains how the second, third, and fourth *Winter* factors support the grant of these forms of relief, she does not otherwise explain how the Court has jurisdiction to grant these forms of relief, given the jurisdictional issues identified above, or otherwise address the likelihood of

success on the merits with respect to these forms of relief. Accordingly, she has failed to show that she is entitled to the other forms of relief requested.

**IV.    Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

1. Petitioner's Motion (Dkt. No. 3) is DENIED;

2. The Court's prior Order not to remove Petitioner from this District pending resolution of the Motion, Dkt. No. 8, is DISSOLVED; and

3. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

IT IS SO ORDERED.

Dated: April 17, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge