UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENELDINA DALILA TOMA-SAMBRANO DE SANDOVAL,

Petitioner,

v.

FERETI SEMAIA et al.,

Respondents.

Case No.: 5:26-cv-01644-MEMF-AS

**ORDER DENYING PETITIONER'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION [DKT. NO. 15]**

Before the Court is the Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction filed by Petitioner Eneldina Dalila Toma-Sambrano De Sandoval. Dkt. No. 15 ("Motion"). For the reasons stated herein, the Motion is DENIED.

///

///

///

1

I.    **Background**

    A. **Factual Background[1]**

The factual background is addressed in the Court's prior Order. *See* Dkt. No. 13.

    B. **Procedural History**

On April 3, 2026, Petitioner Eneldina Dalila Toma-Sambrano De Sandoval filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petition. On that same day, Petitioner filed an Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction. *See* Dkt. No. 3. On April 10, 2025, Respondents filed an Answer to the Petition. Dkt. No. 11. On April 17, 2026, the Court issued an Order denying Petitioner's Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction because this Court did not have jurisdiction to grant Petitioner's request to delay removal pending adjudicating on her BIA proceedings. *See* Dkt. No .13 at 4-6. The Court found that Toma-Sambrano De Sandoval was seeking to challenge the execution of her removal order because she has a pending appeal of her motion to reopen in front of the BIA, and was asking this Court to "'[e]njoin Respondents from removing [her] from the United States unless and until the Board of Immigration Appeals adjudicates [her] pending appeal and motion to remand.'" Dkt. No. 13 (quoting Dkt. No. 3 at 16). On April 21, 2026, Petitioner filed a Traverse to her Petition. Dkt. No. 14.

On May 6, 2026, Petitioner filed a Second Ex Parte Application for Temporary Restraining Order. Dkt. No 15 ("Motion"). On that same day, the Court issued an order setting a briefing schedule and requiring Respondents "not to remove Petitioner from this District pending resolution of the Motion." Dkt. No. 17. Respondents also filed a notice of intended removal on May 6, 2026, and Petitioner contends in her Motion that on May 5, 2026, she was informed that "she will be transferred for removal within approximately forty-eight hours." *See* Dkt. No. 16; Motion at 5. On May 7, 2026, Respondents filed an Opposition. Dkt. No. 18 ("Opposition"). On that same day, Petitioner filed a Reply. Dkt. No 19 ("Reply"). The Court determined this matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

---

[1] Unless otherwise indicated, the following factual background is derived from the Petitioner's Petition. Dkt. No. 1 ("Petition"). This Court is not, at this time, making a final determination as to the veracity of the facts stated therein.

## II.    Applicable Law

### A.  Preliminary Injunctions

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(b). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To qualify for injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20. This Court cannot grant the preliminary injunction "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) ("[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.").

### B.  Habeas Petitions in the Immigration Detention Context

District Courts are "generally prohibit[ed]" from "entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" certain provisions of the INA, found in 8 U.S.C. §§ 1221–1232. *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). But "lower courts retain the authority to 'enjoin or restrain the operation of' the relevant statutory provisions 'with respect to the application of such provisions to an individual [noncitizen] against whom proceedings under such part have been initiated.'" *Id.* (quoting 8 U.S.C. §

3

1252(f)(1)).[2] This Court, therefore, may grant relief in "individual cases." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481–82 (1999).

A specific statutory framework applies once an immigrant has been "released under an order of supervision." 8 C.F.R. § 241.13(i)(1). To "revoke an [noncitizen]'s release under this section and return the [noncitizen] to custody," the Service must "determine[] that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). "Upon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release," and is entitled to an initial interview after the immigrant's return to custody to allow the immigrant to respond, submit evidence, or otherwise demonstrate that "there is no significant likelihood he or she be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(3).

### III. Discussion

Petitioner seeks two forms of relief on an emergency basis: (1) an order barring her removal from the United States unless and until this Court adjudicates her Petition; and (2) an order barring her transfer from outside the District. *See* Motion; Petition. The Court addresses each in turn.

#### A. The Court does not have jurisdiction to grant Petitioner's request to delay removal pending adjudication on her Petition.

Respondents argue that pursuant to 8 U.S.C. § 1252(g), this Court does not have jurisdiction to "issue a TRO impeding the government from promptly removing Petitioner here pursuant to her removal order." *See* Opposition at 2-5. Respondents specifically contend that under the Ninth Circuit's holding in *Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022), this Court does not have jurisdiction to "delay removal pending another process that will allegedly stop a removal," and the "government cannot be prevented from deciding when to execute a removal order, nor [be] delayed in that execution." *Id.* at 4. Respondents also contend that 8 U.S.C. § 1252(a)(5) and 1252(b)(9) preclude review here because this is an issue arising from a removal-related activity. *Id.* at 5-6.

---

[2] Where it does not change the meaning, this Court endeavors to use the term "noncitizen" in place of alien, consistent with the practice of the Supreme Court. *See Avilez v. Garland*, 69 F.4th 525, 527 (9th Cir. 2023) ("[U]se of the term noncitizen has become a common practice of the Supreme Court . . . . [In addition,] [t]he word alien can suggest 'strange,' 'different,' 'repugnant,' 'hostile,' and 'opposed,' Alien, Webster's Third New International Dictionary 53 (2002), while the word noncitizen, which is synonymous, *see* Alien and Noncitizen, American Heritage Dictionary of English Language 44, 1198 (5th ed. 2011), avoids such connotations. Thus, noncitizen seems the better choice.").

Petitioner contends that she "challenges the Government's continued detention of Petitioner while proceedings she properly invoked have remained unresolved for years and seeks relief from the agency's prolonged failure to adjudicate those proceedings," and she does not challenge "the underlying validity of the removal order itself." Motion at 9; *see also* Reply at 2. And this court has jurisdiction "under the All Writs Act," to preserve "meaningful adjudication of claims already pending before this Court," and "under the Administrative Procedure Act to compel agency action unlawfully withheld or unreasonably delayed." *Id.* at 8-9.

For the reasons discussed below, this Court does not have jurisdiction over Petitioner's claims.

As an initial matter, "it is a commonplace of statutory construction that the specific governs the general." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992). So although this Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions," 28 U.S.C. § 1651(a), and the Administrative Procedure Act allows this Court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), *see* Motion at 8-9; Reply at 4, this Court must consider whether the specific jurisdictional provisions of 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g) deprive this Court of jurisdiction.

Section 1252(g) states that no court may hear a nonimmigrant's case "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]." 8 U.S.C. § 1252(g). In *Jennings*, the petitioner sought to "enjoin the government from removing him until the BIA ruled on his motion to reopen," and he "argued that deportation prior to a ruling on his motion to reopen would violate his due process rights," but the Ninth Circuit held that under Section 1252(g), the petitioner's "challenge [was] to the Attorney General's exercise of his discretion to execute [the petitioner's] removal order, which [it had] no jurisdiction to review." *Jennings*, 55 F.4th at 773, 776-78. "The execution of his removal order [was] precisely what [the petitioner] challenge[d]," where the petitioner sought "to enjoin the government from removing him—or in other words, enjoin 'action by the Attorney General to . . . execute removal orders against [the petitioner].'" *Id.* at 777.

Moreover, Section 1252(a)(5) states that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). And Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact . . .  arising from any action taken or proceeding brought to remove a[] [noncitizen] from the United States . . . shall be available only in judicial review of a final order under this section." *Id.* § 1252(b)(9). The Ninth Circuit has clarified that these two provisions only "channel judicial review *over final orders of removal* to the courts of appeals." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis added). The Supreme Court identified three types of claims that "arise from" removal proceedings: when a plaintiff challenges (1) a final removal order, (2) the government's decision to seek to remove them in the first place, or (3) any part of the process by which their removability will be decided. *See Jennings v. Rodriguez*, 583 U.S. 281, 294-95 (2018).

Here, like the petitioner in *Rauda v. Jennings,* Toma-Sambrano De Sandoval is still seeking to challenge the execution of her removal order and the "process by which [her] removability will be determined." *See Jennings*, 55 F.4th at 776-78; *Rodriguez*, 583 U.S. at 294-95.

Toma-Sambrano De Sandoval still has a pending appeal of her motion to reopen in front of the BIA, *see* Motion at 4, and the only new changed circumstance since the initial TRO Order, *see* Dkt. No. 13, is that her "claims are now fully briefed" and she is facing imminent removal, but the Agency or this Court has not adjudicated the claims pending before them, *see* Motion at 6. Toma-Sambrano De Sandoval contends that her claims challenging "(1) the legality of her continued detention in the face of prolonged agency inaction and (2) Respondents' failure to adjudicate proceedings properly pending before the Board of Immigration Appeals within a reasonable time . . . arise independently from any challenge to the underlying validity of the removal order itself." Motion at 9; Reply at 3. But Petitioner is challenging the execution of her removal order, because she is contesting "Respondents [decision to] seek to remove [her now] before either the agency or this Court has resolved the claims currently before them," which include the Motion to Reopen appeal, Motion to Remand, and emergency request to stay proceedings. *See* Motion at 8; *see also* Petition ¶¶ 6-12, 98; Reply at 3 (noting that "the issue is whether Respondents may remove

Petitioner before either the agency or this Court adjudicates claims that have remained unresolved for years despite Petitioner's diligent pursuit of every available procedural avenue"). And in *Jennings*, the Ninth Circuit rejected the petitioner's argument that his challenge was to "the Attorney General's allegedly unlawful decision to 'remov[e] him *now*,'" because Section 1252(g)'s jurisdictional bar "does not include any temporal caveats." *Jennings*, 55 F.4th at 777 (quoting *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297 (3d Cir. 2020)). "'[T]he discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it. Both are covered by the statute.'" *Id.* (quoting *Tazu*, 975 F.3d at 297). Thus, this Court finds that Petitioner is challenging when to execute her removal, which this Court does not have jurisdiction to review under Section 1252(g).

Moreover, Petitioner's new relief to "enjoin Respondents from transferring or removing Petitioner from the United States for a brief period sufficient to permit adjudication of the pending Petition" is still impermissible. *See* Motion at 14. Petitioner contends that the "relief requested . . . is [] directed not toward delaying removal generally, but toward preserving meaningful adjudication of claims already pending before this Court." *Id.* at 8. But the "claims that remain pending" in her Petition, including the APA claims, arise from the execution of her removal order because Petitioner contends that her "removal now threatens to extinguish the very review [BIA] proceedings were meant to provide," and that "the Board of Immigration Appeals' failure to adjudicate Petitioner's pending appeal and motion will continue indefinitely, while immigration authorities proceed with [the current] removal." Petition ¶¶ 12, 19; *see also* Motion at 7. Also, in her Petition, Petitioner seeks to "[e]njoin Respondents from transferring Petitioner outside this District or removing her from the United States pending adjudication of Petitioner's administrative proceedings and the claims raised in this action," and to have this Court "[i]ssue an order compelling Respondents to adjudicate Petitioner's pending proceedings before the Board of Immigration Appeals within a reasonable time." Petition ¶¶ 111(d), (f). Accordingly, adjudication of Toma-Sambrano De Sandoval's Petition and her APA claims are a direct challenge to the execution of her removal order and the "process by which [her] removability will be determined," and it would delay removal proceedings under Section

1252(g). *See Jennings*, 55 F.4th at 776-78; *Rodriguez*, 583 U.S. at 294-95. To that end, Petitioner's claims are barred by 8 U.S.C. §§ 1252(g), and (b)(9).

In sum, because Section 1252(g) and Section 1252(b)(9) applies to Petitioner's claims, this Court does not have jurisdiction to grant Petitioner's request to delay removal pending adjudication of her Petition.

### B. Petitioner has failed to demonstrate that she is entitled to the other form of relief requested.

Petitioner is seeking another form of relief: an order barring her transfer from outside the District. The Court understands that Petitioner contends that her detention is unlawful (and transfer outside the District would be unlawful) because removal while her Petition is pending is unlawful. Given the Court's determination that she has not established that the Court has jurisdiction to delay her removal, she has not established that her detention—and any transfer outside of the District to effect removal—is unlawful. Although she explains how the second, third, and fourth *Winter* factors support the grant of these forms of relief, she does not otherwise explain how the Court has jurisdiction to grant these forms of relief, given the jurisdictional issues identified above, or otherwise address the likelihood of success on the merits with respect to this form of relief. Accordingly, she has failed to show that she is entitled to the other form of relief requested.

### IV. Conclusion

For the foregoing reasons, the Court ORDERS as follows:

1. Petitioner's Motion (Dkt. No. 15) is DENIED;

2. The Court's prior Order not to remove Petitioner from this District pending resolution of the Motion, Dkt. No. 17, is DISSOLVED; and

//

//

//

//

//

3. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

IT IS SO ORDERED.

Dated: May 7, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

9